IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,889-01






EX PARTE LYLE DOLPHAS JEFFERSON, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER CR-03-978-A IN THE 22ND

DISTRICT COURT HAYS COUNTY 



 



 Per curiam.


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant states that he pled guilty to evading arrest using a vehicle and was
sentenced to a term of six years in prison. Applicant also states that there was no direct
appeal.

 In this application for a writ of habeas corpus, Applicant claims that his plea was
involuntary due to ineffective assistance of counsel. He contends that the offense for which
he was convicted was classified as a misdemeanor rather than a felony. The State has failed
to provide any response, and the trial court has recommended that relief be denied.

 As this Court has recognized, Supreme Court case law regarding voluntariness of a
plea is primarily concerned with insuring that a defendant pleading guilty understands the
nature of the charges to which he is pleading and with insuring that a defendant not be
coerced, forced, or threatened into pleading guilty. Aguirre-Mata v. State, 125 S.W.3d 473,
475 (Tex. Crim. App. 2003). Where the record contains references to the correct punishment
range and where there is nothing in the record that shows a defendant was unaware of the
consequences of his plea or that he was misled or harmed, a plea may be considered
voluntary. Id. at 476-77.

 Here, the record supplied to this Court is lacking the clerk's record and therefore does
not support the trial court's recommendation that relief be denied. It is this Court's opinion,
therefore, that additional information is needed before this Court can render a decision. 
Because this Court does not hear evidence, though, the trial court is the appropriate forum. 
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). 

 Thus, the trial court shall resolve these issues as set out in Article 11.07, Section 3(d),
of the Texas Code of Criminal Procedure, in that it shall order trial counsel to supply an
affidavit that addresses Applicant's claims of ineffective assistance of counsel and
involuntary plea. The trial court may also order depositions, interrogatories, or hold a
hearing. In the appropriate case, the trial court may also rely on its personal recollection.

 Additionally, the trial court shall supplement the record to this Court with a copy of
the charging instrument, a copy of any plea papers, a copy of any written plea
admonishments, and a copy of the judgment, none of which were included in the record
supplied to this Court. The trial court may also provide any other documents that it deems
relevant and appropriate to the disposition of Applicant's application for habeas corpus relief.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
facts and conclusions of law regarding whether Applicant was denied effective assistance of
counsel and whether Applicant's plea was involuntary. The trial court shall also make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. 

 Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law and the additional
documents previously described shall be returned to this Court within 120 days of the date
of this order. (2)




DELIVERED: April 26, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.